


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~NORTHERN~~ DIVISION
SOUTHERN

CRYSTAL CANTERBURY PLAINTIFF

VS. CIVIL ACTION NO. 1:20cv163 HSO-JCG

HUNTINGTON INGALLS INCORPORATED
D/B/A INGALLS SHIPBUILDING DEFENDANT

COMPLAINT

*****JURY TRIAL DEMANDED ON ALL ISSUES*****

Plaintiff Crystal Canterbury files her Complaint against Defendant Hunting Ingalls Incorporated d/b/a Ingalls Shipbuilding as follows:

**Parties**

1. Plaintiff Crystal Canterbury is an adult resident citizen of the state of Mississippi.

2. Defendant Huntington Ingalls Incorporated d/b/a Ingalls Shipbuilding ("Ingalls") is a foreign corporation doing business in Mississippi. It may be served with process by delivering the Summons and Complaint to its registered agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**Jurisdiction, venue and timeliness**

3. The Court has personal jurisdiction over Defendant Ingalls because it is a foreign corporation registered to do business in Mississippi and is actually doing business in Mississippi.

4. The Court is the appropriate venue for this action pursuant to 28 U.S.C Section 1391(b)(1) and (2).

5. The Court has subject matter jurisdiction over the claims asserted in the Complaint pursuant to 28 U.S.C. Sections 1331 and 1343.

6. On July 22, 2019, Plaintiff Canterbury filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Ingalls.

7. On February 7, 2020, the EEOC issued Plaintiff Canterbury a Right-to-Sue letter.

8. This lawsuit has been filed within 90 days of Plaintiff Canterbury's receipt of her Right-to-Sue letter.

9. At all times in 2018 and 2019, Defendant Ingalls had more than 500 full time employees.

10. At all relevant times, Defendant Ingalls was an "employer" as that term is defined in 42 U.S.C. Section 2000e(b).

11. At all relevant times, Plaintiff Canterbury was an "employee" of Defendant Ingalls as that term is defined in 42 U.S.C. Section 2000e(f).

12. Plaintiff Canterbury is a member of a protected class under Title VII.

**Facts**

13. Plaintiff Canterbury began work at Defendant Ingalls in August of 2015.

14. Shortly thereafter, male employees of Ingalls, commenced a pattern of harassment and discrimination against Plaintiff Canterbury.

15. The harassment and discrimination continued on a weekly basis, and sometimes more often.

16. The harassment and discrimination included "catcalls", lewd and suggestive comments, unwelcome physical touching, being shown nude photographs, being given more difficult tasks, a threat of rape, and treatment different than that experienced by her male counterparts.

17. The harassment and discrimination was based upon Plaintiff Canterbury's sex - - female.

18. Plaintiff Canterbury reported the harassment and discrimination to her superiors, but they repeatedly failed to take adequate action to prevent it.

19. While Plaintiff Canterbury was out on medical leave and awaiting the conclusion of an investigation by Defendant Ingalls, Plaintiff Canterbury was supposedly fired.

**Count I - - Violation of Title VII - Hostile Work Environment**

20. Pursuant to 42 U.S.C. Section 2000e-2, it is an unlawful employment practice to, *inter alia*, discriminate against an employee because of an employee's sex.

21. Notice of the sexually harassing conduct triggers an employer's duty to take prompt corrective action that is reasonably calculated to end the harassment.

22. This obligation has two parts. The first consists of the temporary steps the employer takes to deal with the situation while it determines whether the complaint is justified. The second consists of the permanent remedial steps the employer takes once it has completed its investigation.

23. In this case, Ingalls claims that while Plaintiff Canterbury was out on leave, it completed an investigation and rejected her contentions. Thus, Ingalls has taken no meaningful action to address her claims or prevent future harassment.

24. Further, Ingalls never notified Plaintiff Canterbury of such. Thus, the 180 day statute of limitation did not begin to run.

25. Further, sexual harassment can be a continuing violation even though the employee is not working.

26. As a result, Plaintiff Canterbury filed a timely Charge with the EEOC.

27. Plaintiff Canterbury was subjected to harassment and a hostile work environment that was so severe and pervasive that it substantially and negatively altered her work environment and her ability to do her job.

28. Defendant Ingalls is liable for the hostile work because it negligently and/or intentionally failed to take the necessary preventive measures despite actual knowledge of the harassment.

29. As a result, Defendant Ingalls is liable for the damages sought below in the *Ad Damnum* section of this Complaint.

**Count II - - Violation of Title VII - Retaliation**

30. 42 U.S.C. Section 2000e-3(a) states that it is an unlawful employment practice to, *inter alia*, discriminate against an employee because she has opposed any practice made an unlawful employment practice by Title VII.

31. The decision of Defendant Ingalls to terminate its long-time employee, Plaintiff Canterbury was in retaliation against her for her complaints about the unlawful harassment she was receiving and the hostile work environment she was experiencing.

32. As a result, Defendant Ingalls is liable for the damages sought below in the *Ad Damnum* section of the Complaint.

***Ad Damnum* Clause**

33. As a result of the foregoing, Plaintiff Canterbury requests a judgment against Defendant Ingalls for all of the actual and compensatory damages she has suffered, including:

- Lost wages and benefits (back pay);
- Future lost wages and benefits (front pay);

- Emotional distress damages;
- Punitive damages;
- Attorneys' fees and litigation expenses;
- Prejudgment and post-judgment interest; and
- Costs of court;

for a total judgment of not less than $300,000.00

Respectfully submitted, this the 7th day of May, 2020.

CRYSTAL CANTERBURY

/s/ Bruce L. Barker
Bruce L. Barker

/s/ S. Craig Panter
S. Craig Panter

BRUCE L. BARKER (MS Bar No. 103247)
Attorney at Law
2211 24th Avenue
Gulfport, Mississippi 39501
Post Office Box 518
Pass Christian, Mississippi 39571
Telephone: (228)222-2346
Facsimile: (601)206-0663
Email: BruceLBarker@gmail.com

S. CRAIG PANTER (MB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B (39110)
Post Office Box 2310
Madison, Mississippi 39130
Telephone: (601) 607-3156
Facsimile: (877) 442-7002
cpanter@craigpanterlaw.com

STATE OF MISSISSIPPI

COUNTY OF Harrison

PERSONALLY appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the undersigned, **CRYSTAL CANTERBURY**, who, after having been by me first duly sworn, testified and deposed that they swore to the above Complaint, that the information contained therein is true and correct to the best of their knowledge and belief.

[signature]
**CRYSTAL CANTERBURY**

SWORN AND SUBSCRIBED BEFORE ME, this the 6th day of May, 2020.

[signature]
NOTARY PUBLIC

(SEAL)

STATE OF MISSISSIPPI
DEANNA SHANNON
NOTARY PUBLIC
ID No. 127971
Commission Expires
May 28, 2023
HARRISON COUNTY

My Commission Expires:
May 28th, 2023